IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02547-MSK-BNB

THE PIONEER CENTRES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP
PLAN AND TRUST, AND ITS TRUSTEES, MATTHEW BREWER, ROBERT JENSEN AND
SUSAN DUKES,

Plaintiff,

v.

ALERUS FINANCIAL, NA, and
BERENBAUM WEINSHIENK, PC

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendants' Motion for Protective Order to Stay Discovery** [Doc. # 51, filed 1/18/2013] (the "Motion to Stay"), which is DENIED.

This is an action by an employee stock ownership plan and its trustees against a transactional fiduciary and a law firm advising the transactional fiduciary. The plaintiff alleges that the law firm "acted as attorneys and legal counsel to and for the . . . ESOP, its participants and its beneficiaries. . . ." Amended Complaint [Doc. # 23] at ¶8. The law firm, by contrast, argues that it served as counsel to the transactional fiduciary only. Brief In Support of Motion to Dismiss [Doc. # 27] at p. 4.

The transactional fiduciary is Alerus Financial ("Alerus"). The law firm is Berenbaum Weinshienk ("Berenbaum").

The plaintiffs move to stay the case in view of their pending motions to dismiss [Doc. ## 26 and 29] and Alerus' Motion to Remove Plan Trustees and Appoint Trustee Ad Litem [Doc. # 25] (the "Motion to Remove"). The defendants recognize that stays pending rulings on motions to dismiss are disfavored in this district. Motion to Stay [Doc. # 51] at p. 4. They argue that a stay in this case is appropriate nonetheless in view of Alerus' pending Motion to Remove:

> [T]he order Alerus seeks--that the Plaintiff Trustees cannot pursue claims on behalf of the ESOP based on irreconcilable conflicts--is conceptually identical to relief sought in motions challenging standing in that it seeks to bar the Plaintiff Trustees from proceeding with the action because they are inappropriate parties to do so. In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.

Motion to Stay [Doc. # 51] at p. 8 (internal quotation and citation omitted).

I do not agree that the Motion to Remove is analogous to a motion to dismiss for lack of standing. Standing to sue finds its root in the constitutional requirement that courts determine actual cases and controversies:

> The case-or-controversy requirement . . . plays a critical role, and Article III standing . . . enforces the Constitution's case-or-controversy requirement. The core component of the requirement that a litigant have standing to invoke the authority of a federal court is an essential and unchanging part of the case-or-controversy requirement of Article III. The requisite elements of this core derived directly for the Constitution are familiar: A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.

DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006)(internal quotations and citations omitted). In addition, "[w]hen evaluating a plaintiff's standing at the stage of a motion to dismiss on the pleadings, both the trial and reviewing courts must accept as true all material

allegations of the complaint, and must construe the complaint in favor of the complaining party." Southern Utah Wilderness Alliance v. Palma, __ F.3d __, 2013 WL 71780 *6 (10th Cir. Jan. 8, 2013)(internal quotation and citations omitted).

Alerus does not claim that the plaintiffs have failed to allege injury in fact, fairly traceable to the challenged actions of the defendants, which is likely to be redressed by a favorable decision. See id. at *7. Rather, the Motion to Remove argues that the existing trustees of the ESOP suffer a conflict of interest vis-a-vis the plan participants and that the trustees should be removed and a trustee ad litem appointed under "the inherent power of the Court. . . ." Motion to Remove [Doc. # 25] at p. 11. This is not a constitutional argument at all. Moreover, the plan participants have remedies against the trustees in the event the trustees fail to fulfill their legal obligations.

The defendants also rely on Pickford v. Robinson, 2011 WL 2491487 (D. Colo. June 23, 2011), a pro se prisoner case where the motion to stay was denied, and Griffin v. Hickenlooper, 2012 U.S. Dist. LEXIS 94246 (D. Colo. July 9, 2012), another pro se prisoner case where a stay was granted in view of the obviously irrelevant nature of the plaintiff's requested discovery, a concern about whether the suit had any merit, and a desire to "prevent the expenditure of tax payer's money and valuable government resources on premature discovery." Those cases are obviously distinguishable from the case at bar.

In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil action; and

      (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same).  Applying these factors, I find that a stay of discovery in this case is not warranted.

    Rule 1, Fed. R. Civ. P., directs that the Federal Rules of Civil Procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action."  Statistically speaking, motions to dismiss are denied far more often than they are granted, and they usually take months to decide.  Consequently, staying discovery while the defendants' motions are pending could substantially delay the ultimate resolution of the case, with injurious consequences.  Particularly in this case, the plaintiffs have identified two important witnesses of advanced age.  One of them is in ill health.  A stay of discovery could result in the loss of their testimony.  More generally, but still applicable here:

> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

    Defendants always are burdened when sued, whether the case is dismissed, summary judgment is granted, a settlement occurs, or there is a trial.  It is a consequence of our judicial system and the rules of civil procedure.  There is no special burden on the defendants in this case.

    Similarly, there is no special burden imposed on the court or persons not parties to the suit by permitting discovery to proceed while motions to dismiss are pending, and the public

interest is advanced by proceeding as expeditiously as possible.

      IT IS ORDERED that the Motion to Stay [Doc. # 51] is DENIED.

      Dated February 14, 2013.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge