# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-02547-MSK-BNB

THE PIONEER CENTRES HOLDING COMPANY
EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST
AND IT'S TRUSTEES, MATTHEW BREWER,
ROBERT JENSEN AND SUSAN DUKES,

Plaintiffs,

v.

ALERUS FINANCIAL, N.A. and
BERENBAUM WEINSHIENK, P.C.,

Defendants.

_____

## ~~PROPOSED~~ PROTECTIVE ORDER ~~AGREEMENT~~
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information as permitted by Rule 26(c) of the Federal Rules of Civil Procedure, it is ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents heretofore or hereafter produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, which the producing or disclosing party designates as "CONFIDENTIAL" pursuant to the terms of this Order. The party designating information as CONFIDENTIAL shall be referred to as the "Designating Party." The party receiving information designated as CONFIDENTIAL shall be referred to as the "Receiving Party."

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated CONFIDENTIAL shall be information, materials and/or information (collectively "CONFIDENTIAL information") that the Designating Party believes in good faith is confidential and contains: (i) proprietary information, trade secrets, or other confidential research, development, or commercial information, (ii) nonpublic information of a personal or private nature, including financial information for any person (including information which implicates common law and/or statutory privacy interests of the Plan or its current or former beneficiaries or participants). Extracts and summaries of CONFIDENTIAL information, and information derived from CONFIDENTIAL information, shall be treated as CONFIDENTIAL information.

4. CONFIDENTIAL information obtained by a Receiving Party from a Designating Party shall not be disclosed or used for *any* purpose except the preparation (including pleadings and hearings during litigation), trial and appeal of this case. No party has proposed that any court proceedings be closed to the public. CONFIDENTIAL information shall not, without the consent of the Designating Party, or further Order of the Court, be disclosed *except* as provided in this Protective Order. CONFIDENTIAL information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial or at other proceedings in this case;

   c. the parties, including agents or employees of the parties or their insurers who are needed for preparation, trial, appeal or other proceedings in this case;

      d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, appeal or other proceedings in this case;

      e. the Court and its employees ("Court Personnel");

      f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g. deponents, witnesses, or potential witnesses; and

      h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed or described in Paragraphs 4. d., g. and h. above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. A Receiving Party may disclose CONFIDENTIAL information in response to a lawful summons or subpoena, provided that prior to responding to such a summons or subpoena, a copy thereof shall be provided to counsel for the Designating Party as soon as practicable after service, so that the Designating Party may have an opportunity to seek a protective order or other appropriate order.

7. Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

8. Third parties producing documents in the course of this action may also designate documents as CONFIDENTIAL subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties that are not marked CONFIDENTIAL shall be treated as CONFIDENTIAL for a period of 14 days from the date of their production, and during that period any party may designate such documents as CONFIDENTIAL pursuant to the terms of this Protective Order.

9. Whenever a deposition involves the disclosure or use of CONFIDENTIAL information, the deposition or portions thereof shall be designated by the Designating Party as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Designating Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. No presumption, implication, inference or indication shall arise from the fact that a document has been designated as CONFIDENTIAL information. Specifically, but without limitation, the fact that the document has been designated as CONFIDENTIAL shall not show in any way that the document is subject to any privilege or that the document is the property of any particular person or entity.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Designating Party. The written notice shall identify the

information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Designating Party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order no later than fifteen (15) business days after the time the notice is received.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. ~~In the event CONFIDENTIAL information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. CONFIDENTIAL information and pleadings or briefs quoting or discussing CONFIDENTIAL information shall not be filed under "restricted access" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under restricted access.~~  Any motion requesting leave to file documents under restricted access shall comply with the requirements of D.C.Colo.LCivR 7.2 ~~and demonstrate that the CONFIDENTIAL information at issue is entitled to protection under the standards articulated in *Nixon v. Warner*~~

~~*Communications, Inc.,* 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).~~

13. At the conclusion of this case, including any appeal, and unless other arrangements are agreed upon in writing, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Designating Party, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit or declaration pursuant to 28 U.S.C. § 1746 confirming the destruction.

14. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, or deemed CONFIDENTIAL under this Protective Order, will not be deemed a waiver of a party's claim to its privileged or protected nature or estop that party from designating the information or document as CONFIDENTIAL.  Any party receiving any such information or document shall return it upon request from the producing party within five (5) business days of the request, regardless of whether the receiving party agrees with the claim of confidentiality or privilege.

15. Nothing in the Order shall require production of any documents or information to the extent that the production is prohibited by law.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated March 8, 2013.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge

7