IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02547-MSK-BNB

THE PIONEER CENTRES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP
PLAN AND TRUST, AND ITS TRUSTEES, MATTHEW BREWER, ROBERT JENSEN AND
SUSAN DUKES,

Plaintiff,

v.

ALERUS FINANCIAL, NA, and
BERENBAUM WEINSHIENK, PC

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the following:

(1)  Plaintiffs' **Motion to Amend and Join** [Doc. # 65, filed 3/1/2013] (the "Motion to Amend");

(2)  **Motion for Status Conference Re: Amendments to Scheduling Order** [Doc. # 83, filed 4/8/2013] (the "First Motion for Extension");

(3)  **Third Party Defendant Richard Eason's Unopposed Motion for Extension of Time to Serve Rule 26(a)(1) Disclosures** [Doc. # 85, filed 4/8/2013] (the "Second Motion for Extension"); and

(4)  **Motion to Withdraw as Attorneys of Record** [Doc. # 88, filed 4/9/2013] (the "Motion to Withdraw").

Also pending are:

(5)     **Defendant Berenbaum Weinshienk PC's Motion to Dismiss Amended Complaint** [Doc. # 26, filed 12/7/2012] ("BW's Motion to Dismiss"); and

(6)     **Alerus Financial, N.A.'s Motion to Dismiss the Plaintiffs' Amended Complaint** [Doc. # 29, filed 12/7/2012] ("Alerus' Motion to Dismiss").

I held a hearing this afternoon at which all of these matters were discussed and where I made rulings and a recommendation on the record, which are incorporated here. Consistent with the matters occurring at the hearing today:

IT IS ORDERED:

(1)     The Motion to Amend [Doc. # 65] is GRANTED IN PART and DENIED IN PART AS WITHDRAWN as follows:

•GRANTED to the extent that it seeks leave to amend to assert additional allegations other than as against Stephen P. Rickles and a prayer for exemplary damages; and

• DENIED AS WITHDRAWN to the extent it seeks to join Mr. Rickles.

The plaintiffs shall file, on or before April 23, 2013, a Second Amended Complaint that includes the allowed amendments only.

(2)     The First Motion for Extension [Doc. # 83] and Second Motion for Extension [Doc. # 85] are GRANTED as specified, and the case schedule is modified to the following extent:

Discovery Cut-Off:          November 29, 2013;

(All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off);

       Dispositive Motions Deadline:       December 30, 2013;

       Expert Disclosures:

       (a)    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2013;

       (b)    The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 1, 2013;

       Responses to pending discovery requests are due on or before April 23, 2013;

       Rule 26(a)(1) disclosures shall be completed on or before May 8, 2013; and

       Richard Eason shall answer or otherwise respond to the third party complaint of Alerus Financial on or before April 17, 2013.

(3)    The Motion to Withdraw [Doc. # 88] is GRANTED, and Darrell G. Waas and Patricia C. Campbell of the law firm of Waas Campbell Rivera Johnson & Velasquez LLP are relieved of any further responsibility as counsel for Richard Eason.

(4)    BW's Motion to Dismiss [Doc. # 26] and Alerus' Motion to Dismiss [Doc. # 29] are DENIED WITHOUT PREJUDICE.

In addition, I respectfully RECOMMEND[1], for the reasons stated on the record, that the Motion to Amend [Doc. # 65] be DENIED to the extent it seeks to add a prayer for exemplary damages.

Dated April 9, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).