IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02547-RM-BNB

THE PIONEER CENTRES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP
PLAN AND TRUST, AND ITS TRUSTEES,
MATTHEW BREWER,
ROBERT JENSEN, and
SUSAN DUKES,

Plaintiffs,

v.

ALERUS FINANCIAL, NA, and
BERENBAUM WEINSHIENK, PC,

Defendants,

and

ALERUS FINANCIAL, N.A.,

Third-Party Plaintiff and Counterclaim Plaintiff,

v.

MATTHEW BREWER,
ROBERT JENSEN,
SUSAN DUKES,
PIONEER CENTRES HOLDING COMPANY, and
RICHARD EASON,

Third-Party Defendants and Counterclaim Defendants.

---

## ORDER

---

This matter arises on **Defendant Alerus's Motion and Supporting Memorandum to
Remove Plan Trustees and Appoint Trustee Ad Litem for Purposes of This Litigation** [Doc.
# 25, filed 12/7/2012] (the "Motion to Remove Trustees"), which is DENIED.

The plaintiffs are an Employee Stock Ownership Plan and Trust (the "ESOP"), acting through its trustees, Matthew Brewer ("Brewer"), Robert Jensen ("Jensen"), and Susan Dukes ("Dukes").[1]  Defendant Alerus is a national banking association which acted as an independent fiduciary to the ESOP concerning whether the ESOP should enter into the Acquisition Transaction and Plan by which the ESOP would acquire sole ownership of Pioneer Centres Holding Company ("Pioneer").  Pioneer owned and operated franchised automobile dealerships in Colorado and California.

In 2007, Brewer, the majority shareholder of Pioneer, indicated his desire that the ESOP acquire all of his stock in Pioneer, resulting in the ESOP owning the company.  The Acquisition Transaction and Plan was drafted and negotiations were commenced.  Because of perceived conflicts of interest involving Brewer, Jensen, and Dukes, Alerus was appointed as a "transactional trustee" for the purpose of reviewing, analyzing, and making a determination as to whether the ESOP should approve, consent to, and/or otherwise engage in the Acquisition Transaction and Plan.

Ultimately, the ESOP did not enter into the Acquisition Transaction and Plan.  The plaintiffs claim that the failure of that transaction was caused by Alerus' unjustified insistence that Brewer, as seller, give "unconditional and detailed representations and warranties regarding Pioneer and its businesses. . . ."  Response [Doc. # 55] at p. 10.

In December 2011, Pioneer sold substantially all of its assets to a third-party purchaser, Kuni Enterprises, at a substantially higher price.  This action followed, in which the plaintiffs claim that Alerus breached its fiduciary duty to the ESOP by continuing to demand that Brewer

_____

[1]Brewer, Jensen, and Dukes are referred to collectively as the "Trustees."

2

make unnecessary representations and warranties in connection with the ESOP's purchase of his

shares.  The plaintiffs claim damages in the form of a lost opportunity because the ESOP could

have purchased Brewer's stock at a substantial discount as compared to the price paid by Kuni.

Alerus denies that it breached any duty to the ESOP.  It alleges, however, that if it

breached a duty, so did the Trustees.  According to Alerus:

> Brewer and his two co-Trustees contend that Alerus breached its
> fiduciary duties to the ESOP by not giving in to Brewer's demands
> during negotiations.  Of course the Trustees, being the parties with
> whom Alerus was negotiating when it refused to agree to Brewer's
> proposed qualified representations and warranties, were fully
> aware of Alerus's position at the time Alerus took it. . . .
>
> If, as the Trustees contend, Alerus breached its fiduciary duty by
> refusing to acquiesce to Brewer's terms, then the Trustees (as co-
> fiduciaries) were duty-bound under ERISA to take reasonable
> action to remedy that breach. . . .  But the Trustees took no such
> action, and instead proceeded to sell the Company to another
> buyer.

Motion to Remove Trustees [Doc. # 25] at p. 10.

Alerus seeks an order removing the Trustees, arguing:

> In sum, if Alerus breached its fiduciary duty to the ESOP, then the
> Trustees did as well by violating their co-fiduciary responsibilities.
> Consequently, should this action proceed, the Trustees must be
> disqualified from bringing this action on behalf fo the ESOP,
> because ERISA bars a plan fiduciary from actively participat[ing]
> in the decision-making process concerning whether to pursue legal
> remedies against himself.

Id. at p. 3 (internal quotation and citation omitted).

The parties have submitted substantial briefing focusing largely on the issues of whether

Alerus breached its duty; whether the Trustees were co-fiduciaries in connection with matters

relating to the  Acquisition Transaction and Plan; and whether the Trustees breached their duty

to the ESOP.  Those matters, which go directly to the merits of the case, are not necessary to the

resolution of the Motion to Remove Trustees, and I will not attempt to anticipate how they may

be answered.

I agree with the plaintiffs that Alerus lacks standing to seek the removal of the Trustees

and the appointment of a trustee ad litem.  The ESOP is governed by the Employee Retirement

Income Security Act ("ERISA").  Section 1109(a), 29 U.S.C., of ERISA provides:

> Any person who is a fiduciary with respect to a plan who breaches
> any of the responsibilities, obligations, or duties imposed upon
> fiduciaries by this title shall be personally liable to make good to
> such plan any losses to the plan resulting from each such breach,
> and to restore to such plan any profits of such fiduciary which have
> been made through use of assets of the plan by the fiduciary, **and
> shall be subject to such other equitable or remedial relief as
> the court may deem appropriate, including removal of such
> fiduciary.**

(Emphasis added.)  Suit under § 1109(a) may be brought only by a limited category of plaintiffs,

however: "the Secretary [of the Department of Labor], or by a participant, beneficiary or

fiduciary for appropriate relief under [29 U.S.C. § 1109]."  29 U.S.C. § 1132(a)(2).  Former plan

fiduciaries, like Alerus, have no standing to seek relief under § 1109, including no standing to

seek the removal of a fiduciary.  Blackmar v. Lichtenstein, 603 F.2d 1306, 1310 (8th Cir. 1979)

(holding that a former trustee, once replaced, "ceased to be a fiduciary and no longer had the

capacity to sue for violations which may have occurred under this title," including no capacity to

challenge the appointment of new trustees appointed for the express purpose of precluding suit

against the employer-sponsor of a benefit plan).  Accord Chemung Canal Trust Co. v. Sovran

Bank/Maryland, 939 F.2d 12, 14 (2d Cir. 1991) (holding that "29 U.S.C. § 1132(a) specifies

those who may bring actions under ERISA and the types of actions each may pursue" and that

"[t]here is no indication of any legislative intent to grant a former fiduciary a continuing right to sue on behalf of the plan"); Roncone v. Ligurotis, 1993 WL 321737 *2 (N.D. Ill. Aug. 20, 1993) (citing Blackmar and holding that "once a trustee is removed from office, he no longer has the responsibility or power, as a fiduciary, to challenge the actions of the Fund fiduciaries").

Alerus relies heavily on In re Pressman-Gutman Co., Inc., 459 F.3d 383 (3d Cir. 2006), for a contrary result.  There, the district court found that the plan trustee was conflicted and, at the request of the defendant (a former plan trustee), appointed a trustee ad litem as a "prophylactic measure to ensure adequate representation for the real party-in-interest, the Plan." Id. at 400.  Importantly, on review the Third Circuit Court of Appeals (i) held that it lacked appellate jurisdiction to review the interlocutory order appointing the trustee ad litem, id. at p. 392, and (ii) declined to grant extraordinary relief in the form of a writ of mandamus to halt the appointment.  Id. at pp. 400-01.  Consequently, the circuit court neither approved nor disapproved the actions of the district court.  I agree with the dissent in In re Pressman that Fed. R. Civ. P. 17(c), upon which the district court relied in making the appointment and which concerns appointment of representatives to act on behalf of minors and incompetent persons, constitutes a "dubious foundation" for the "draconian action" of appointing a special fiduciary without the request of any of the Secretary of Labor, plan participant, plan beneficiary, or plan fiduciary, and in a manner not contemplated by 29 U.S.C. §§ 1109 and 1132 of ERISA, the governing statute.  Id. at 405 (Irenas, J., dissenting).

Alerus, without citation to any authority, asserts that "as the party being sued by the Trustees [it] certainly has standing to argue that it has been sued by the wrong party; such an argument is a classic affirmative defense."  Reply [Doc. # 62] at p. 4.  Of course, there is no

doubt that suit against Alerus is properly brought by plan fiduciaries, and Alerus does not argue otherwise.  Instead, Alerus seeks to assert the rights of others--the Secretary of Labor and/or ESOP participants, beneficiaries, or fiduciaries--to seek the removal of those fiduciaries because Alerus disagrees with the fiduciaries' decisions and litigation strategy.  This is precisely what 29 U.S.C. § 1132(a)(2) precludes.  See Blackmar, 603 F.2d at 1310; Chemung Canal Trust Co., 939 F.2d 12, 14; and Roncone, 1993 WL 321737 *2.

Although Alerus argues at length that the Trustees may have violated duties to the ESOP as co-fiduciaries, I agree with the Trustees that they have done nothing more than sue Alerus for conduct in which Alerus acted as a plan fiduciary.  Response [Doc. # 55] at p. 44.  The Trustees "have not been shown or been found to have engaged in any kind of wrongdoing, have not violated any order, and have done nothing else to justify--let alone necessitate--the drastic step of removing them. . . ."  Id. at pp. 43-44.  Moreover, no claims of breach of fiduciary duty subject to the strictures of Fed. R. Civ. P. 11 have been brought against the Trustees, and Alerus "concedes it has no standing" to do so.  Reply [Doc. # 62] at p. 1.

Even if the Trustees may be said to have breached a duty, which has been neither pled nor proven, the ESOP need not rely on Alerus to protect it from those actions.[2]  Instead, suit to remove the Trustees and for damages may be brought by "the Secretary [of the Department of Labor], or by a participant, beneficiary or fiduciary. . . ."  29 U.S.C. § 1132(a)(2).  There are many reasons those parties might choose neither to sue nor seek the removal of the Trustees.

---

[2]I am aware that there is authority holding that a plan fiduciary breaches its fiduciary duties when it actively participates in the decision-making process of whether to sue himself. Iron Works Local #272 v. Bowen, 624 F.2d 1255, 1261 (5th Cir. 1980).  Those claims must be asserted by an authorized party, however; none have been asserted here; and Alerus concedes that it has no standing to assert such claims.

6

See In re Pressman, 459 F.3d at 405 n. 27 (Irenas, J., dissenting).  And those with the authority to

do so may conclude that suit against Alerus is sufficient for the ESOP to recoup any losses it

may have suffered.  As the court noted in Harris Trust and Savings Bank v. Salomon Smith

Barney Inc., 530 U.S. 238, 252 (2000), under slightly different circumstances:

> The common law additionally leads us to reject Salomon's complaint that our view of § 502(a)(3) [29 U.S.C. § 1132] would incongruously allow not only the harmed beneficiaries, but also the culpable fiduciary, to seek restitution from the arguably less culpable counterparty-transferee.  The common law sees no incongruity in such a rule, and for good reason: Although the trustee bases his cause of action upon his own voluntary act, and even though the act was knowingly done in breach of his duty to the beneficiary, he is permitted to maintain the action, since the purpose of the action is to recover money or other property for the trust estate, and whatever he recovers he will hold subject to the trust.

(Internal quotations and citations omitted.)

Because Alerus lacks standing to seek removal of the Trustees and appointment of a

trustee ad litem,

IT IS ORDERED that the Motion to Remove Trustees [Doc. # 25] is DENIED.

Dated January 8, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge