IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02547-RM-BNB

THE PIONEER CENTRES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP
PLAN AND TRUST, AND ITS TRUSTEES,
MATTHEW BREWER,
ROBERT JENSEN, and
SUSAN DUKES,

Plaintiffs,

v.

ALERUS FINANCIAL, NA, and
BERENBAUM WEINSHIENK, PC,

Defendants,

and

ALERUS FINANCIAL, N.A.,

Third-Party Plaintiff and Counterclaim Plaintiff,

v.

MATTHEW BREWER,
ROBERT JENSEN,
SUSAN DUKES,
PIONEER CENTRES HOLDING COMPANY, and
RICHARD EASON,

Third-Party Defendants and Counterclaim Defendants.
_____

**ORDER**
_____

This matter arises on **Berenbaum Weinshienk's Motion to Strike or for Leave to File Response to Supplemental Authority** [Doc. # 203, filed 1/23/2014] (the "Motion to Strike").

The action was commenced on September 25, 2012, by the filing of a Complaint [Doc. #

1]. An Amended Complaint [Doc. # 23] was filed on November 27, 2012. Berenbaum Weinshienk ("BW") moved to dismiss the Amended Complaint [Doc. # 26]. The plaintiffs were allowed to amend a second time, resulting in the Revised Second Amended Complaint [Doc. # 102]. Its initial motion to dismiss was rendered moot by the filing of the Revised Second Amended Complaint, and BW again moved to dismiss on May 3, 2013 [Doc. # 105]. BW's Motion to Dismiss the Revised Second Amended Complaint [Doc. # 105] is pending.

On January 21, 2014, I allowed the plaintiffs to file supplemental authorities in opposition to BW's Motion to Dismiss the Revised Second Amended Complaint . Minute Order [Doc. # 201]. The Supplemental Authority [Doc. # 202] contains two paragraphs citing six cases, without substantive argument.

BW asserts in its Motion to Strike that "citations in the Supplemental Authority to case law supporting a purported cause of action based upon knowing participation in a breach of fiduciary duty must be stricken, because they improperly inject irrelevant new arguments. . . . Until and unless Plaintiffs seek and obtain leave to amend their Complaint yet again, the Court should reject Plaintiffs' apparent effort to assert an entirely new legal claim against [BW]." Motion to Strike [Doc. # 203] at p. 4. The Motion to Strike is eight pages long and contains three pages of argument addressing the alleged new legal claim. Alternative, BW seeks leave to file "the preceding argument--regarding the irrelevance of the new authority to [BW's] Motion to Dismiss and the claims pleaded and pursued by Plaintiffs in this action--as a response to Plaintiffs' Supplemental Authority." Id. at p. 6.

First, if BW is correct that the Supplemental Authority is irrelevant to the plaintiffs' claim against BW, I doubt that the district judge would be misled. In any event, it is too much to

ask of the district judge to sort through BW's pending Motion to Dismiss the Revised Second Amended Complaint [Doc. # 105] and 24 page supporting brief [Doc. # 106]; the plaintiffs' 38 page Response [Doc. # 124]; BW's 16 page Reply [Doc. # 136]; the Supplemental Authority [Doc. # 202]; and the Motion to Strike incorporating supplemental argument [Doc. # 203], in order to identify and understand the parties' positions. Consequently, I will deny BW's Motion to Dismiss the Revised Second Amended Complaint without prejudice and with leave to renew it on or before January 30, 2014. Thereafter, the plaintiffs may file all arguments in opposition in a single response, and BW may make all additional arguments in support of dismissal in a single reply. Orderly briefing substantially assists the court in resolving complex motions like BW's Motion to Dismiss.[1]

    IT IS ORDERED:

    (1)    The Motion to Strike [Doc. # 203] is DENIED as moot; and

    (2)    BW's Motion to Dismiss the Revised Second Amended Complaint [Doc. # 105] is DENIED without prejudice to be renewed if appropriate on or before January 30, 2014.

    Dated January 23, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] The parties are reminded of the district judge's practice standards regarding page limitations. Civ. Practice Standard IV.B.