**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02547-RM-MEH

THE PIONEER CENTRES HOLDING COMPANY EMPLOYEE STOCK OWNERSHIP PLAN
AND TRUST AND ITS TRUSTEES, MATTHEW BREWER, ROBERT JENSEN AND SUSAN
DUKES,

Plaintiffs,

v.

ALERUS FINANCIAL, N.A., and
BERENBAUM WEINSHIENK, P.C.,

    Defendants,

---

ALERUS FINANCIAL, N.A.,

    Third-Party Plaintiff and Counterclaim Plaintiff,

v.

MATTHEW BREWER, ROBERT JENSEN, SUSAN DUKES,
PIONEER CENTRES HOLDING COMPANY, and RICHARD EASON,

    Third-Party Defendants and Counterclaim Defendants.

---

## ORDER RE STATUS REPORTS

---

    This matter is before the Court on Alerus Financial, N.A.'s Status Report (ECF No. 344) and Status Report of Pioneer Centres Holding Company and The Pioneer Centres Holding Company Employee Stock Ownership Plan and Trust (ECF No. 345) (collectively, "Status Reports"). Trial to the Court is currently set to begin on June 29, 2015 on the sole remaining claim in this case – Alerus' claim for contractual indemnification against Pioneer Centres Holding

Company ("Pioneer").  Based on the Status Reports, at issue are the following:

1. Whether Pioneer should be allowed to use Plaintiffs' and Third-Party Defendants Richard Eason's standard of care experts;
2. Whether Alerus should be allowed to file a motion for summary judgment on its claim for indemnification;
3. Whether Alerus should be allowed to refile its *Daubert* motions (ECF Nos. 243, 244, 245, 247, 248, 250); and
4. Whether Alerus and Pioneer should be allowed to conduct discovery on issues related to the reasonableness of Alerus' attorney's fees and costs claimed.

The parties are familiar with the allegations in this case and its procedural history, so the Court will not repeat them here.  Suffice to say that Alerus' claim for contractual indemnification against Pioneer is dependent on whether Alerus performed in accordance with the terms of the contract on which that claim is based.  The performance of its duties, however, was for The Pioneer Centres Holding Company Employee Stock Ownership Plan and Trust (the "ESOP").  Essentially, if Alerus properly performed, then it is entitled to indemnification.  If not, no indemnification is owed.  Plaintiffs and Alerus disclosed expert witnesses to testify concerning the standard of care applicable to Alerus and whether its performance met that standard.  The parties also apparently engaged in extensive discovery on the issue.  And, the ESOP would have presented its evidence on the issue but for the recent dismissal of Plaintiffs' case on other grounds.  In light of these facts and circumstances, although Pioneer did not specifically designate the experts identified by Plaintiffs, the Court finds no prejudice to Alerus in allowing Pioneer to do so.

Moreover, the Court finds that in order to prevent manifest injustice, Pioneer should be allowed to do so.[1] *See Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) ("[T]rials are high human dramas; surprises always emerge; and no judge worth his salt can forget or fail to sympathize with the challenges the trial lawyer confronts. For all our extensive pretrial procedures, even the most meticulous trial plan today probably remains no more reliable a guide than the script in a high school play – provisional at best and with surprising deviations guaranteed.")

In light of the Court's determination that Pioneer may use the already disclosed expert witnesses, Alerus' request to file a motion for summary judgment on its contractual indemnification claim is denied. Alerus' request is primarily premised on the contention that its conduct was reasonable as established in its previously filed summary judgment motion supported by testimony from its expert witnesses. According to Alerus, expert testimony is required on the applicable standard of care; Alerus has provided expert testimony that its conduct was consistent with the standard of care but Pioneer has not (and now can not); therefore, Alerus has met the standard of care and summary judgement is appropriate. That analysis, however, fails in light of this Court's determination that Pioneer, under the facts and circumstances of this case, is allowed to use/adopt Plaintiffs' standard of care experts. Those experts, of course, have opined to the contrary. Accordingly, the Court finds that allowing the filing of a motion for summary judgment, and just weeks before the trial date, is unwarranted.

There remains, however, the issue of Alerus' *Daubert* motions regarding the proffered experts' standard of care opinions (ECF No. 243 (Woodward); No. 244 (Tasini); No. 245

---

[1] A review of the signed "Revised Proposed Pretrial Order" (ECF No. 309) shows Plaintiffs and Third-Party Defendant Richard Eason have the same retained experts. In addition, Plaintiffs have also designated nonretained experts.

(Mangiero); No. 247 (Cummings); No. 248 (Isaacks); No. 250 (Non-Retained Experts).  Alerus requests leave to refile these motions should Pioneer be allowed to offer such experts' opinions. The Court finds Alerus should be allowed to do so and, therefore, hereby accepts those motions, and all related papers, as filed.

Finally, the Court finds that discovery on the reasonableness of the attorney's fees and costs claimed should be permitted in light of the current posture of the case resulting from the Court's recent orders.  In order to prevent manifest injustice to either party, discovery will be allowed on these two limited issues.  The Court finds the proposed date for completion of the same by June 15, 2015 is reasonable.  It is therefore **ORDERED**

(1) That Pioneer Centres Holding Company may adopt and use the standard of care experts designated by Plaintiffs;

(2) That Alerus Financial, N.A.'s request for leave to file a motion for summary judgment on its claim for contractual indemnification is **DENIED**;

(3) That Alerus Financial, N.A.'s request for leave to refile its *Daubert* motions (ECF Nos. 243, 244, 245, 247, 248, 250) is **GRANTED**, and the Clerk of the Court is directed to **REFILE** these motions, assigning a new ECF number to each motion.  The Court shall consider all previously filed responses and replies in determining such refiled motions;

(4) That a *Daubert* hearing will be held on **Friday, June 19, 2015, at 1:30 p.m**.  The expert witnesses need not be present for the hearing; and

(5) That Alerus Financial, N.A. and Pioneer Centres Holding Company are hereby granted leave to conduct discovery on the reasonableness of the attorney's fees and costs claimed as damages in this case.   Such discovery must be reasonable in scope and completed by June 15, 2015.

DATED this 19th day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
